[No. 17521.     Department One.     April 27, 1923.]

LOUIS JOHNSON, *Respondent,* v. ROBERT A. SLOANE et al., *Appellants.*[1]

APPEAL (416, 417)—REVIEW—FINDINGS. Where, in an action for an accounting, the trial was long, the facts very complicated, and the trial court weighed the evidence and the credibility of the witnesses, most of whom were interested parties, the decision will not be disturbed.

Cross-appeals from a judgment of the superior court for Spokane county, Huneke, J., entered April 1, 1922, in favor of the plaintiff, in an action for an accounting, tried to the court. Affirmed.

*Wm. Hatch Davis* and *Guy B. Groff,* for appellants.

*G. E. Lovell* and *W. W. Zent,* for respondent.

[1]Reported in 214 Pac. 840.

Holcomb, J.—Respondent, a subcontractor upon a highway being constructed in Spokane county by appellants Sloane, contractors, brought suit against appellants and their surety, the United States Fidelity & Guaranty Company, for an accounting, and alleging that a certain amount was due him. Appellants counterclaimed and demanded that a certain sum be allowed them.

There had been two written contracts entered into between respondent and appellants on March 24, 1920, under which respondent proceeded to perform the work contracted for, and continued until September 1, 1920. On September 1, 1920, respondent completed the erection of a stone crushing plant, and began crushing rock for appellants under an oral contract entered into on July 5, 1920, and the crushing continued until September 7, respondent says, September 10, as appellants fix the date, when the crusher was almost destroyed by blasting. Respondent failed to reconstruct the crushing plant, and appellants took over the work of furnishing the necessary crushed stone for surfacing the highway, together with what was left of the crushing plant, rebuilt it, and finished the work of surfacing the highway between the stations covered by the oral contract between the parties.

Respondent claimed and testified that there was an agreement on September 7, or 10 (whichever date it was that appellants took over the crushing plant) that appellants were to reimburse him for the amount he had invested in the crushing plant, and give him the profits from the future operation thereof, if such operations showed any profits. Appellants claimed, and their testimony tended to show, that no agreement was made to compensate respondent for money invested in the plant, but that appellants took it over because the

work was not proceeding according to the terms of the contract, and that they agreed with respondent that they would charge the expense of reconstruction and operation to the account of the plant, and if it showed a profit, respondent should have the profit. They gave figures tending to show that the cost of reconstructing and operating the crushing plant after they took it over was approximately the sum of $3,722.95, and that there was no profit.

Respondent also claimed an agreement for, and that he was accordingly entitled to, rental for the crushing plant, and that a fair rental therefor would be $3,150. One of his witnesses, however, testified that a fair rental for the plant would be about $100 per month, or $900 for the nine months it was operated by appellants. Respondent has therefore cross-appealed from the judgment, claiming that it should be increased by $900 for the rental of the crushing plant.

The account, as allowed by the trial court, may be stated as follows:

Appellants
    To respondent,   Dr.
        Dr.
To amount due under contracts "A" and "B"....$2,118.64
Equipment and allowance.....................   640.90
                                  $2,759.54  $2,759.54
        Cr.
By Board of Station Men.....................$  480.00
Balance (judgment) ........................ 2,279.54  $2,759.54

Appellants contend that the account should be stated as follows:

Appellants
    To respondent,   Dr.
        Dr.
To amount due under contracts "A" and "B"....$2,118.54
To equipment allowance......................   640.90
To 310 yards crushed stone @ $1.40............   434.00
                                  $3,193.54  $3,193.54

Cr.

By board of station men......................$  480.00
By Washtucna check advance..................    741.25
By payment of appellant's employees...........    765.53
By replacement of machinery destroyed.........    118.40
Balance (for which judgment should have been
    given) ...................................  1,088.36
                                             ----------
                                             $3,193.54   $3,193.54

It will be seen, therefore, that the appellants contend that judgment should have been for $1,088.36, instead of $2,279.54 as granted by the trial court.

The principal items for which appellants contend are these: The check designated Washtucna check, $741.25; payment of respondent's employees, $765.53, and replacement of machinery, $118.40, a total of $1,625.18.

They then concede that, if those items be allowed them, it would seem that respondent would be entitled to an allowance of $434 for 310 cubic yards of crushed stone at $1.40 per yard, if there was a contract in March, 1921, to the effect that the Sloanes should bear the loss after taking over the crushing plant in September, 1920.

The trial was very lengthy, the facts very complicated, and the figures very involved. The trial judge weighed the evidence and the credibility of the witnesses. Most of the witnesses were interested parties. The trial court held that plaintiff had not established his contention that he was entitled to rental for the plant, by the weight of the evidence, and disallowed that. He also held that appellants had not established their contention by the weight of the evidence, but based his judgment apparently upon admissions by the appellants.

After a careful and searching examination of the record we are satisfied that the trial judge arrived at

the right result, and that his calculations were correct.

The claim of appellants that they are entitled to credit for the amount of the Washtucna check, the payment of respondent's employees, and the replacement of machinery, is not sustained by the matters upon which the trial court based its judgment. By a statement introduced in evidence by appellants, it appears that the items contended for were for materials or for labor furnished by appellants to respondent prior to September 7, and that appellants had agreed not to charge for anything that went into the plant prior to September 7. That being true, labor as well as material went into the plant, and appellants are not entitled to credit for those things that went into the plant prior to September 7.

Nor is respondent entitled to the $900 rental claimed by him. Since the trial court found that there was no agreement for rental, and there is a conflict of testimony with the probabilities slightly inclining to the version of appellants as to the truth of the question, the trial court's judgment will not be disturbed.

Affirmed on both appeals.

MAIN, C. J., MACKINTOSH, BRIDGES, and MITCHELL, JJ., concur.